UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH GUENTHER, an individual, and MICHELLE G. RYERSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, a Minnesota Corporation,<br><br>Defendant. | Case No.  1:12-cv-00237-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION IN LIMINE TO CONDUCT SITE VISIT TO VIEW PROPERTY DURING TRIAL**<br><br>**(Docket No. 87)** |

Now pending before the Court is Plaintiffs' Motion in Limine to Conduct Site Visit to View Property During Trial (Docket No. 87).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### DISCUSSION

One of the issues to be resolved at the upcoming trial is "[w]hether the Barnes Main Access Road was improved as required by the 1973 Grant of Easement between Terteling Land Company and Joseph and Lillian Barnes (the 'Easement') . . . ."  Stip., p. 2 (Docket No. 85).  To avoid the Easement's reversion, it identified the improvements that were required to be constructed by a date certain (December 31, 1977), including "24 foot road bed surfaced with 7 inches of 2-inch gravel, compacted, topped by 3 inches of 3/4-inch crushed gravel, compacted, and with normal borrow pit sections on each side . . . ."  Ex. C to Guenther Aff. (Docket No. 66,

**MEMORANDUM DECISION AND ORDER - 1**

Att. 2). Through its Motion, Plaintiffs request that the Court conduct a site visit of the relevant property. *See* Mem. in Supp. of MIL, pp. 2-3 (Docket No. 87, Att. 1) ("In order for the court to decide the above-referenced issues, the Court will have to determine whether the Property was improved in accordance with the requirements set forth in the Easement. For the reasons stated below, a view of the Property will assist the Court in deciding these crucial issues.").

Old Republic opposes Plaintiffs' Motion, generally arguing that "[i]t is unlikely improvements made in 1973 would still be visible today." Opp. to MIL, p. 2 (Docket No. 91). More to the point, Old Republic contends that the requested site inspection will add nothing to the Court's analysis on the issue because "the condition of the Barnes Main Access Road today is not relevant to the threshold question of whether the subject improvements were made to the Barnes Main Access Road in 1973 (over 40 years ago)." *Id*. at p. 3.

Based upon the record now before the Court, the undersigned questions why or how a site visit in 2014 will assist the Court in resolving the status of the Easement as of 1973 and/or 1977. Having said this, it may turn out that, after the trial commences and certain evidence is presented, the answer to such a question (and the corresponding utility of a site inspection) becomes more apparent. Until then, however, Plaintiffs' Motion is denied, without prejudice. The Court also reserves the right to revisit *sua sponte* the issues raised in Plaintiffs' Motion at a later date.

///

///

///

///

**MEMORANDUM DECISION AND ORDER - 2**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED THAT Plaintiffs' Motion in Limine to Conduct Site Visit to View Property During Trial (Docket No. 87) is denied, without prejudice.

DATED:  **February 28, 2014**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge