### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH GUENTHER, an individual, and MICHELLE G. RYERSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, a Minnesota Corporation,<br><br>Defendant. | Case No.  1:12-cv-00237-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ALTERNATIVE ACCESS THEORIES**<br><br>**(Docket No. 88)** |

Now pending before the Court is Plaintiffs' Motion in Limine to Exclude Alternative Access Theories (Docket No. 88).  Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### I.  BACKGROUND

On October 21, 2013, the undersigned issued an Order Setting Trial and Pretrial Conference (Docket No. 84).  Among other things, that Order stated: "On or before November 15, 2013, the parties shall file a stipulation concerning those issues (and any corresponding time frame(s) relevant to such issues) to be resolved by the Court during the bifurcated portion of the trial."  Order, p. 1 (Docket No. 84).

**MEMORANDUM DECISION AND ORDER - 1**

On November 14, 2013, the parties submitted the requested Stipulation (Docket No. 85).

Among other things, that Stipulation identified the following issue for the Court's resolution:

> If the Easement terminated, whether legal access existed by virtue of any of the following alternative access theories: (1) Idaho Code § 40-202/Public Right of Way; (2) Quasi-Estoppel/Permissive Use; and (3) Easement by Prescription.  Plaintiffs contend these alternative theories are not available to [Old Republic].  Thus, prior to hearing argument and testimony regarding these alternative theories, the Court will first need to address the issue of whether [Old Republic] has the right to pursue these alternative theories.

Stipulation, p. 2 (Docket No. 85).

In a November 19, 2013 Order, the undersigned acknowledged a February 26, 2014 pre-trial motions/motions in limine deadline, however determined that "an earlier resolution of the 'alternative access theories' issue described in the parties' Stipulation is warranted."  Order, p. 2 (Docket No. 86).  Consistent with the Court's briefing schedule, on December 11, 2013, Plaintiffs filed the at-issue Motion in Limine (Docket No. 88) and, on December 23, 2013, Old Republic filed its response thereto (Docket No. 89).

## II.  DISCUSSION

This Court previously determined as a matter of law that the policy of title insurance ("Policy") at play here "provides coverage in instances where no right of access – *legal* access – exists to and from the [relevant property]."  9/26/13 MDO, p. 18 (Docket No. 81) (emphasis in original).  However, whether legal access to that property in fact existed during the applicable time period remains an unsettled question before this Court – one that is set to be tried in the upcoming trial.  *See id*. at p. 19.  To that end, it is expected that Old Republic will advance different arguments – the "alternative access theories" – that, if accepted, would establish the requisite legal right-of-way and, thus, preclude coverage under the Policy.  Plaintiffs object to

MEMORANDUM DECISION AND ORDER - 2

any consideration of those theories, arguing that: "(1) Old Republic did not assert these various

theories at the time it denied Plaintiffs' claim for coverage, and it should in defense of its

conduct be limited to the bases on which it actually relied for its denial; (2) Old Republic both

lacks standing and has failed to join necessary and indispensable parties for proper litigation and

judicial consideration of these various theories; and (3) the historical facts giving rise to this case

do not provide any justifiable basis for this Court to review indisputable factual realities of the

property access that are contrary to Old Republic's asserted theories."  Mem. in Supp. of Mot. in

Limine, p. 2 (Docket No. 88, Att. 1).  Old Republic disagrees.  *See* Opp. to Mot. in Limine, p. 4

(Docket No. 89).  In an effort to assist the parties in their trial preparation work, Plaintiffs'

arguments are briefly addressed in order below.

**A.      Old Republic is Not Estopped From Raising its Alternative Access Theories at Trial**

In its September 26, 2013 Memorandum Decision and Order, this Court found that,

"while it is hereby understood that the Policy provides coverage when no legal right of access to

the Property exists . . . , Plaintiffs must still prove that they actually had no such right (and, in

doing so, contend with and rebut Old Republic's arguments to the contrary), along with their

alleged, recoverable damages that resulted therefrom."  9/26/13 MDO, p. 18 (Docket No. 81).

From this, Plaintiffs' Motion in Limine attempts to freeze in time the action's lynchpin issue to

what literally took place vis à vis Old Republic's denial of coverage:

> Fundamentally, then, the question presented by this litigation is whether legal access
> for the Plaintiffs' property *actually* existed at the time that Plaintiffs purchased the
> property, not whether legal access *could have been established* by asserting any of
> Old Republic's various and newly-asserted theories to an appropriate court in an
> action involving the appropriate parties.  By its attempted reliance on mere theories,
> Old Republic would have this Court suspend the reality of what actually existed in
> 2009 and instead make its decision based upon a fictional version of what the status
> of the property *could have been* if anyone had, prior to that time, made such an

**MEMORANDUM DECISION AND ORDER - 3**

argument. Simply stated, that Old Republic can conceive of various arguments to assert for obtaining confirmation in 2014 that legal access could have been established, does not change the fact that as of 2009 there was no such confirmation by any court or appropriate authority that actually had established the existence of access rights sufficient to deny coverage under the Policy.

Mem. in Supp. of Mot. in Limine, p. 4 (Docket No. 88, Att. 1) (emphasis in original). In turn, Plaintiffs argue that, because Old Republic did not assert any of the alternative access theories at the time it originally denied coverage under the Policy, Old Republic is estopped from now doing so in defense of Plaintiffs' claims against it. *See generally id*. at pp. 4-8 ("This case should be proceeding to trial only on what was, in fact, the status of the access rights for the Plaintiffs' property as of 2009. . . . . Plaintiffs respectfully requests that this Court . . . not allow Old Republic to assert coverage arguments at the trial of this action that it did not previously rely on in making the initial coverage determination.").

Old Republic naturally disagrees, claiming that it not only sufficiently laid out its position on the access issue when originally denying coverage under the Policy, but that, regardless, Plaintiffs suffered no prejudice owing to any alleged shortcomings/ambiguities in Old Republic's decision not to provide coverage. *See* Opp. to Mot. in Limine, p. 6 (Docket No. 89). The undersigned agrees with Old Republic.

First, it cannot be said that Old Republic's alternative access theories have heretofore been kept "on ice," just waiting for Plaintiffs to bring a declaratory relief action against it, or are self-serving responses prompted for the first time by the same. Rather, as Old Republic points out in its briefing, Old Republic told Plaintiffs that it was denying their claim because it believed there was legal access to the property in question. *See id*. at p. 5. For example, in a February 8, 2010 letter (nearly two years before Plaintiffs initially brought this action in state court), Old

**MEMORANDUM DECISION AND ORDER - 4**

Republic rejected Plaintiffs' coverage argument (relating to, *inter alia*, the denial of a zoning

application), stating in no uncertain terms that:

> The assurance of a 'right of access' is not equivalent to a guarantee that the property
> either directly abuts a public street or is even benefitted by a recorded easement.  It
> merely insures a right of access.

2/8/10 Ltr. from Shaw to Lloyd (Docket No. 56, Att. 2); *see also* 1/5/10 Ltr. from Shaw to

Guenther (Docket No. 56, Att. 3).  By citing case law on the subject, while simultaneously

countering Plaintiffs' additional coverage arguments, Old Republic was contending (and still

does contend) that, via various legal theories (e.g., the alternative access theories), Plaintiffs do

indeed enjoy a right of access – legal access – to their property.[1]  Whether these arguments

actually prevail is not resolved by this Memorandum Decision and Order, but reserved for a later

day.[2]

Second, even assuming Old Republic's denial of coverage lacked explanatory particulars,

there is no indication that Plaintiffs suffered any prejudice as a result – above and beyond having

to bring the instant action.  *See* Opp. to Mot. in Limine, pp. 5-6 (Docket No. 89) (quoting 1 Ins

Claims and Disputes § 2:24 (6th ed.) ("An insurance company should state in its declination of

coverage letter all of the grounds that are then available for denying coverage.  Its failure to do

---

[1]  Such communication differentiates this case with *Sauer v. Home Indem. Co.*, 841 P.2d
176 (Alaska 1992).  There, the defendant failed to communicate to the insured's representative
its denial of defense or coverage until after litigation commenced.  *See id.* at 179-80, 82-83

[2]  During oral argument, Plaintiffs' counsel occasionally directly challenged the merits of
certain of Old Republic's alternative access theories.  There is a natural overlap in such
arguments; however, the Court views Plaintiffs' Motion in Limine to speak only to Old
Republic's ability to raise such arguments, not whether those arguments should be dismissed for
lack of substantive heft – to be sure, as already stated, "these arguments are just too
underdeveloped and dependent upon unresolved questions of fact to decide as a matter of law . . .
."  9/26/13 MDO, p. 19 (Docket No. 81).

**MEMORANDUM DECISION AND ORDER - 5**

so, however, should rarely give rise to an estoppel. . . . . There should, therefore, be no

presumption of prejudice to the insured by reason of an inadequate declination of coverage letter.

In order to establish an estoppel, the insured should have to demonstrate actual prejudice by

reason of the letter.  Moreover, it has been held that prejudice beyond the mere filing of a lawsuit

against the insurer is required.")).[3]  Here, based upon the record provided thus far, evidence of

Plaintiffs' prejudice is lacking.  To the contrary, (1) Plaintiffs reasonably and justifiably made

arguments resembling some of Old Republic's alternative access theories (to show on the one

hand that they had legal access to their property) to the Ada County Board of Commissioners

after the Ada County Development Services denied their building permit application; and (2)

Plaintiffs were aware of Old Republic's alternative access theories before Old Republic moved

for summary judgment (to counter Plaintiffs' declaratory action to determine on the other hand

that they did not have access to their property), yet raised no similar estoppel arguments in their

opposition thereto.

Simply put, Old Republic's alternative access theories respond to Plaintiffs' claims so as

to, in essence, defend Old Republic from liability.  These alternative access theories are not as

new as Plaintiffs submit and, furthermore, Plaintiffs are not prejudiced by having those theories

---

[3]  Section 2:24, titled "Contents of Declination of Coverage Letter – Estoppel From Asserting Unmentioned Policy Defenses," goes on to state:

> Summarizing, an insurer should not automatically be estopped from denying coverage on any ground not specified in its declination of coverage letter, even though the insurer had actual or constructive knowledge of such additional defense at the time it denied coverage.  Absent extraordinary circumstances, failure to specify a particular defense will not prejudice the insured.  An insured's estoppel claim should, therefore, be considered on a case-by-case basis, and it should be given effect only when such unusual circumstances are present.

1 Ins Claims and Disputes § 2:24 (6th ed.) (internal citations omitted).

**MEMORANDUM DECISION AND ORDER - 6**

further considered at this stage of the lawsuit. With all this in mind, Old Republic is entitled to

argue its alternative access theories at trial, based on the arguments raised in Plaintiffs' Motion

in Limine. Plaintiffs' Motion in Limine is therefore denied in this respect.

**B.      Old Republic Has "Standing" to Raise its Alternative Access Theories at Trial**

Plaintiffs argue that Old Republic's alternative access theories essentially amount to Old

Republic asking this Court for a declaratory judgment of its own (to the effect of an affirmative

ruling that Plaintiffs have legal access to their property) and, because it is only an interested

party without any involved property ownership, Old Republic lacks standing to pursue such

recourse:

> First, for each of the alternate theories asserted, Old Republic is in reality asking this
> Court for either a declaratory or a quiet title judgment from this Court that Plaintiffs
> had access, other than by recorded rights, over property owned by persons not parties
> to this litigation. However, as Old Republic does not, itself, own property that would
> benefit from an access right across the Ada County parcel, it lacks standing to bring
> an action (or a claim in this action) that such an access right exists/existed. . . . .
> What Old Republic would be seeking to do with its theories is to obtain a judicial
> declaration over the "[property] rights, status, and other legal relations" among
> Plaintiffs, Ada County, and/or ACHD.

*See* Mem. in Supp. of Mot. in Limine, p. 8 (Docket No 88, Att. 1) (citation omitted). Plaintiffs'

argument presumes too much.

Old Republic is not asking this Court to rule as a matter of law that Plaintiffs have legal

access to their property. If that were the case, reflected by, for example, Old Republic's separate

declaratory action, Plaintiffs' argument might be correct. But, without such a condition

precedent, Plaintiffs' argument is missing a backbone. Here, Old Republic's alternative access

theories operate to support its denial of Plaintiffs' allegation that Old Republic breached the

Policy – the fact that this Court's consideration of such theories may go to the issue of Plaintiffs'

**MEMORANDUM DECISION AND ORDER - 7**

access does not morph Old Republic's defense of Plaintiffs' claims into some sort of affirmative action requiring the standing that Plaintiffs' now contend.  Otherwise, what is an insurer like Old Republic to do in situations where it disagrees with a similarly-situated insured and there is no duty to defend (as the undersigned has already concluded)?  The law simply does not support the conclusion that Plaintiffs ask this Court to reach.  Old Republic has "standing" to raise its alternative access theories at trial.  Plaintiffs' Motion in Limine is therefore denied in this respect.

**C.      Old Republic's is Not Precluded From Raising its Alternative Access Theories at Trial for Failure to Join Indispensable Parties**

In its September 26, 2013 Memorandum Decision and Order denying, in part, Old Republic's motion for summary judgment, this Court briefly spoke to Old Republic's then-germinating alternative access theories, stating:

> Old Republic also advances other theories that, if accepted, would create a legal right-of-way for Plaintiffs to use the Barnes Main Access Road.  However, these arguments would apply to burden land owned by an entity not a party to this action.  Notwithstanding any questions of fact that may prevent a finding in favor of Old Republic on these points, the undersigned is reluctant to resolve as a matter of law claims impacting a non-party and therefore declines to do so here.

9/26/13 MDO, p. 19, n.10 (Docket No. 81).  Based on this portion of the prior Order, Plaintiffs additionally argue that Old Republic has failed to join the parties that are needed in order to consider and resolve Old Republic's corresponding arguments.  *See* Mem. in Supp. of Mot. in Limine, pp. 10-11 (Docket No. 88, Att. 1) ("Under Idaho law, it is incumbent upon the party seeking a judicial declaration of the existence of a property interest, when that interest would encumber land owned by other parties, to join the owners of the would-be encumbered property as parties in the litigation. . . . . [A]s the party seeking a declaration by this Court of an access

**MEMORANDUM DECISION AND ORDER - 8**

right that would burden land owned by other parties, Old Republic had the burden to join the

other property owners that would be affected by this suit (in particular, Ada County and/or the

Ada County Highway District),but it failed to do so.").  For reasons similar to those articulated

above regarding Old Republic's "standing," the undersigned disagrees.

As previously expressed, Old Republic is not seeking declaratory relief; instead, it is

disputing Plaintiffs' claim against it, which happen to speak to access issues relating to

Plaintiffs' property and, likewise, coverage under the Policy.  This distinction, while somewhat

nuanced, is important because it highlights the fact that any decision from this Court will only

affect those parties to the Policy – Plaintiffs and Old Republic.  That is, either coverage exists or

it doesn't.  Certainly, evidence surrounding Old Republic's alternative access theories may

involve other, non-joined parties and, thus, may present some difficulty in proving its defense to

Plaintiffs' claims.  But that fact does not mean that those parties must be joined in this action

before resolving the parties' coverage dispute.  The other parties may likely be part of the mix of

evidence put before the Court, and such evidence may have implications for similar disputes

between other parties, but the ultimate result of the Court's rulings in this case are likely limited

to the parties on hand.  It is a messy way to sort out property rights, perhaps, but in the context of

the instant dispute over the nature of coverage under a particular title insurance policy, it is the

only way available.

Hence, Old Republic is not precluded from raising its alternative access theories at trial

for failure to join indispensable parties.  Plaintiffs' Motion in Limine is therefore denied in this

respect.

**MEMORANDUM DECISION AND ORDER - 9**

**D.** **Old Republic is Permitted to Raise its Public Right-of-Way Alternative Access Theory at Trial**

Plaintiffs also argue that Old Republic's alternative access theory that the Barnes Main Access Road was a public right-of-way is separately problematic because (1) its application necessarily runs afoul of Idaho' statutory law dealing with rights-of-way validation proceedings, and (2) there was never a valid dedication for public use of the road because of the "undisputed record chain of ownership."  *See* Mem. in Supp. of Mot. in Limine, pp. 11-15 (Docket No. 88, Att. 1).  These arguments will not prevent Old Republic from testing such an alternative access theory at trial.

Significantly, Old Republic is not seeking to have the Barnes Main Access Road validated as a public right-of-way as a product of *this* litigation; rather, it argues that the Barnes Main Access Road is *already* a public right-of-way and asks that this Court recognize as much to combat Plaintiffs' claims against it.  The parties' disagreement on this point (demonstrated by their dueling evidentiary support) goes to the merits of the public right-of-way alternative access theory and does not outright foreclose Old Republic from at least making the argument going forward.  More fundamentally, to the extent the parties maintain different understandings and arguments as to how a public right-of-way is established and how that applies to the historical backdrop of this case, the undersigned is not in a position to pick a winner right now.  That is the purpose of the upcoming bench trial, if it gets to that point.[4]  For these reasons, Old Republic is

---

[4] Old Republic suggests (in response to Plaintiffs' Motion in Limine and elsewhere) that, because Plaintiffs have made arguments similar to those now offered by Old Republic on this, and other points (albeit at a different time, in a different setting, and by different counsel), Plaintiffs themselves should be estopped from now making different/contradicting arguments. Relatedly, Plaintiffs have recently moved in limine to preclude Old Republic from making any reference to arguments Plaintiffs made in underlying proceedings as "admissions."  *See* Mot. in

**MEMORANDUM DECISION AND ORDER - 10**

permitted to raise its public right-of-way alternative access theory at trial. Plaintiffs' Motion in Limine is therefore denied in this respect.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED THAT Plaintiffs' Motion in Limine to Exclude Alternative Access Theories (Docket No. 88) is DENIED.[5]

DATED: **March 10, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

Limine (Docket No. 96). These arguments are neither addressed nor resolved by this Memorandum Decision and Order, but will be taken up at a later date in the context of Plaintiffs' separate, above-referenced motion in limine.

[5] This conclusion does not necessarily resolve any of the issues raised in Plaintiffs' recent motion in limine, characterizing Old Republic's alternative access theories as affirmative defenses, and seeking their exclusion for possibly different reasons (Docket No. 95). These arguments will be taken up at a later date in the context of this separate motion in limine.

**MEMORANDUM DECISION AND ORDER - 11**